# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**MICHAEL PAUL PUZEY,**

      Petitioner,

v.                                          **Civil Action No. 3:14cv29**
                                           **Criminal Action No. 3:00cr57-16**
                                           **(Judge Keeley)**

**UNITED STATES OF AMERICA,**

      Respondent.

## REPORT AND RECOMMENDATION

On March 10, 2014, *pro se* Petitioner, Michael Puzey, filed a Motion to Vacate under 28 U.S.C. § 2255. On that same date, he was sent a Notice of Deficient pleading. On March 24, 2014, Petitioner filed his Motion on this Court's approved form. For relief, Petitioner requests that his conviction and sentence be vacated, and he be released immediately and/or re-sentenced pursuant to 21 U.S.C. § 841(b)(1)(c).

## I. Factual and Procedural History

### A. Conviction and Sentence

On April 26, 2001, Petitioner was found guilty by a jury for the Northern District of West Virginia of conspiracy to distribute crack cocaine, 4 counts of distribution of crack cocaine and use of a firearm during and in relation to a drug trafficking offense. On October 22, 2001, the Court sentenced Petitioner to life imprisonment on the conspiracy count, 240 months on three of the distribution counts, 480 months on the fourth distribution count and a consecutive five-year sentence on the firearms counts. Petitioner appealed his conviction and sentence.

### B. Direct Appeal

On appeal, Petitioner argued that the Court here erred in instructing the jury regarding his

conspiracy liability under the Pinkerton doctrine; the Court failed to require the jury to determine the exact drug amounts attributable to him; the Court here erred in denying his motion for judgment of acquittal on the conspiracy charge because the evidence was insufficient to support his conviction; the Court aired in enhancing his sentence for his role in the offense; the Court aired in applying the two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice, the sentencing guidelines are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000); and the Court erred in denying his motion to produce witnesses at his sentencing hearing.

The Fourth Circuit Court of Appeals found no error and affirmed Petitioner's conviction and sentence. See United States v. Puzey, 73 Fed. Appx. 549, 2003 WL 21905975 (4th Cir. 2003). Petitioner then filed a petition for writ of certiorari which was denied on December 15, 2003.

## C. Petitioner's First Federal Habeas Corpus

On July 26, 2004, Petitioner filed his first motion to vacate. In that motion, Petitioner raised the following grounds:

(1) Apprendi error issues, total drug quantity was not submitted to a jury and found beyond a reasonable doubt.

(2) Government's improper use of U.S.S.G. §5G1.2(d) "stacking." This allowed the Government to utilize an end-run around Apprendi.

(3) Whether "total punishment" is the "minimum sentence in the guideline range for the total offense level-all counts. District Court erred by imposing a life sentence on Puzey, because where no drug amount found by the jury beyond a reasonable doubt, the statutory maximum sentence that could be imposed was only 10 years, therefore, even under the doctrine of stacking the District Court could only re-sentence Puzey to a maximum of 40 years, and even then only if those five applicable 10 years sentences were imposed consecutively, which they weren't.

(4) Sixth Amendment to the Federal Constitution did not permit defendants to receive a penalty greater than they could receive under the facts reflected in a jury's verdict even if a judge's findings were characterized as sentencing factors.

2

After the issues had been fully briefed, a Report and Recommendation ("R&R") was issued recommending that Petitioner's § 2255 motion be dismissed on the merits.(Doc. 1096) On October 24, 2005, the R&R was adopted by the district judge, and Petitioner's § 2255 motion was denied and dismissed. (Doc. 1127) Petitioner's appeal of that decision was dismissed by the Fourth Circuit Court of Appeals on May 4, 2006.(Doc. 1166)

C. **Petitioners' Second Federal Habeas Corpus**

In the instant action, Petitioner raises four claims for relief:

(1) Specific elements of 21 U.S.C. 841(b)(1)(A) and (b)(1)(B) Drug type and Quantity were never charged, never submitted to the jury, and never proven beyond a reasonable doubt, in violation of Petitioner's 5th and 6th amendment rights.

(2) Leader/Organizer and obstruction of justice are elements that were never charged, never submitted to the jury, and never proven beyond a reasonable doubt in violation of Petitioner's 5th and 6th amendment rights.

(3) Elements of 21 U.S.C. 841(b)(1)(A) and (b)(1)(B) specific drug type and quantity is omitted from the jury instructions and received life sentence in excess of sentence to when specific drug type and quantity are omitted from jury instructions in violation of Petitioner's 5th and 6th amendment rights.

(4) Elements of 21 U.S.C. 841(b)(1)(A) and (b)(1)(B) specific drug type and quantity of 1.5 kilograms were never charged, never submitted to the jury, and never proven beyond a reasonable doubt in violation of Petitioner's 5th and 6th amendment rights.

In support of his second § 2255 motion, petitioner argues that Alleyne v. United States, 133 S.Ct. 2151 (2013), is a new rule that dictates his right to appeal for relief in this court under § 2255(f)(3) and/or (4), and he is filed within the one-year limitations of the Supreme Court ruling on June 17, 2013. Accordingly, petitioner maintains that due to the intervening change of law, and his filing within the one year of said change, his motion is timely filed.

## II. Analysis

Regarding a second or successive federal habeas corpus, 28 U.S.C. § 2255 states:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain--

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

In order for a petition to be considered successive, the first petition must have been dismissed on the merits. Harvey v. Horan, 278 F. 3d 370 (4th Cir. 2002). Here, Petitioner's first § 2255 motion was clearly dismissed on the merits. Thus, the undersigned finds that the current § 2255 motion is a second or successive motion and that Petitioner did not obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion in this Court. Accordingly, pursuant to 28 U.S.C. § 2244 and 28 U.S.C. § 2255, this Court is without authority to hear Petitioner's second federal habeas petition. See United States v. Winestock 340 F.3d 200, 207 (4th Cir. 2003).[1]

---

[1] Even if this were Petitioner's first § 2255 motion, it would not be timely. Pursuant to § 2255(f)(3), the limitation period for a petitioner to file their § 2255 motion is one year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner relies on Alleyne which held that "facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." 133 S.Ct. at 2158. However, in the Alleyne opinion, the Supreme Court did not declare this new rule to be retroactive on collateral attack. 133 S.Ct. 2151 (2013); see also In re Kemper, 735 F.3d 211 (5th Cir. 2013); In re Payne, 733 F.3d 1027 (10th Cir. 2013); Simpson v. United States, No. 13-2373, 2013 WL 3455876, at *1 (7th Cir. July 10, 2013). In addition to the Fifth, Seventh and Tenth Circuits, a number of district courts in this circuit and across the country have determined that Alleyne should not be applied retroactively for the purposes of collateral attack. See e.g., Williams v. United States, No. 5:13-CV-00108, 2013 WL 4083274, at *2 (W.D.N.C. August 13, 2013); Smith v. Holland, No. 13-147-KKC, 2013 WL 4735583, at *4 (E.D.Ky. Sept. 3, 2013); Smith v. Federal Bureau of Prisons, No. 9:13–384–RMG, 2013 WL

4

### III.  Recommendation

For the foregoing reasons, the undersigned recommends that the petition be **DENIED** and **DISMISSED with prejudice** as an unauthorized second or successive petition.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk written objections identifying the portions of the Recommendation to which objection is  made and the basis for such objections.  A copy of such objections shall also be submitted to the Honorable Gina M. Groh, United States District Judge.  Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985):  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and any counsel of record by electronic means.

DATED: March 28, 2014.

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

833050 (D.S.C. July 23, 2013).