**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**MICHAEL PAUL PUZEY,**

       Petitioner,

**v.**                                **CIVIL ACTION NO. 3:14-CV-29
CRIMINAL ACTION NO. 3:00-CR-57-16
(JUDGE GROH)**

**UNITED STATES OF AMERICA,**

       Respondent.

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

### I. Introduction

On this day, the above-styled matter came before the Court for consideration of the report and recommendation of United States Magistrate Judge James E. Seibert. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Seibert for submission of a proposed report and recommendation. Magistrate Judge Seibert filed his report and recommendation [Doc.7] on March 28, 2014. In that filing, he recommended that this Court deny Petitioner's petition pursuant to 28 U.S.C. § 2255 and dismiss the case with prejudice.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150

(1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review

and Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v.

Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).  In this case, objections to Magistrate Judge Seibert's report and

recommendation  were due within fourteen (14) days after being served with a copy

pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.

Petitioner timely filed his objections on April 3, 2014.  Accordingly, this Court will undertake

a *de novo* review of those portions of Magistrate Judge Seibert's findings to which objection

is made.  This Court will review the remainder of the report and recommendation for clear

error.

## II.  Background

### a.  Conviction and Sentence

On December 5, 2000, Petitioner Michael Paul Puzey was indicted in a multi-

count, multi-defendant indictment.  Petitioner was indicted on Counts 1, 2, 3, 38, 39, 44,

54, and 55.  On April 4, 2011, the court granted the United States' motion to dismiss

Count 2 of the indictment.  On April 11, 2001, the court granted the United States'

motion to dismiss Count 3 of the indictment.  On April 20, 2001, the court granted the

United States' motion to dismiss Count 39 of the indictment.

On April 26, 2001, Petitioner was found guilty by a jury verdict on the following

counts: Count 1, conspiracy to distribute cocaine base involving 50 or more grams;

Count 38, distribution of less than 5 grams of cocaine base, on or about December

2

2000; Count 44, distribution of 0.86 gram of cocaine base, on or about January 13, 2000 at approximately 8:20 p.m.; Count 54, distribution of 0.22 gram of cocaine base, on or about January 28, 2000 at approximately 8:30 p.m.; and Count 55, possession with intent to distribute approximately 50 or more grams of cocaine base, on or about January 28, 2000 at approximately 8:30 p.m. and found that the crime involved 5 grams or more of cocaine base.  On October 29, 2001, Petitioner was sentenced by the district court to the following term of imprisonment for each count: Count 1, life imprisonment; Count 38, 240 months imprisonment to run concurrent to Count 1; Count 44, 240 months imprisonment to run concurrent to Count 1; Count 54, 240 months imprisonment to run concurrent to Count 1; and Count 55, 480 months imprisonment to run concurrent to Count 1.

### b.  Appeal

Thereafter, Petitioner appealed raising numerous challenges to his conviction and sentence.  First, Petitioner argued the district court erred by instructing the jury with regard to his conspiracy liability under the Pinkerton doctrine.  Second, Petitioner contended that the district court failed to require the jury to determine the exact drug amount attributable to him.  Third, Petitioner argued the district court erred in denying his motion for judgment of acquittal on the conspiracy charge due to insufficient evidence. Fourth, Petitioner challenged the enhancement he received for his role in the offense.  Fifth, Petitioner argued the district court clearly erred in applying the two-level enhancement for obstruction fo justice pursuant to United States Sentencing Guideline § 3C1.1.  Sixth, Petitioner contended that the sentencing guidelines were

unconstitutional in light of the Supreme Court's holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Finally, Petitioner argued the district court erred in denying his motion to produce witnesses at his sentencing hearing.

The Fourth Circuit Court of Appeals addressed each one of Petitioner's claims. <u>See</u> <u>United States v. Puzey</u>, 73 F. App'x 549 (4th Cir. 2003). However, the Fourth Circuit found no merit to Petitioner's claims and affirmed Petitioner's conviction and sentence. <u>Id.</u> at 551. Then, Petitioner filed a petition for writ of certiorari. On December 15, 2003, the United States Supreme Court denied Petitioner's petition for writ of certiorari. <u>See</u> <u>Puzey v. United States</u>, 124 S. Ct. 969 (2003).

**c. First Motion to Vacate under 28 U.S.C. § 2255**

On July 26, 2004, Petitioner filed his first motion to vacate under 28 U.S.C. § 2255. In his first motion to vacate, Petitioner raised the following grounds:

1) that his conviction contained <u>Apprendi</u> error issues because the total drug quantity was not submitted to the jury and found beyond a reasonable doubt;

2) that the Government improperly used United States Sentencing Guideline § 5G1.2(d) "stacking," which permitted the Government to utilize an end-run around <u>Apprendi</u>;

3) that the district court erred in imposing a life sentence because the statutory maximum sentence that could be imposed was only ten years; and

4) that the Sixth Amendment was violated when the Petitioner received a greater penalty than he could have received under the facts reflected in the jury's verdict.

4

On July 4, 2005, Magistrate Judge Seibert issued a report that recommended the district court enter an order denying Petitioner's § 2255 petition on the merits and dismissing it from the Court's docket. On July 20, 2005, Petitioner filed his objections to the report and recommendation. On October 24, 2005, the Court entered an Order dismissing Petitioner's objections and adopting Magistrate Judge Seibert's report and recommendation. Accordingly, Petitioner's § 2255 petition was denied and dismissed. On November 9, 2005, Petitioner filed a notice of appeal. On May 8, 2006, the Fourth Circuit Court of Appeals dismissed Petitioner's appeal.

### d. Pending Motion to Vacate under 28 U.S.C. § 2255

On March 10, 2014, Petitioner filed a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody." On March 24, 2014, Petitioner filed his motion to vacate on the court-approved form. Petitioner raises four grounds in his motion. First, Petitioner argues that the "specific elements of 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) drug type and quantity were never charged, never submitted to the jury, and never proven beyond a reasonable doubt, in violation of Petitioner's 5th and 6th Amendment[] rights." Second, Petitioner contends that "leader/organizer and obstruction of justice are elements that were never charged, never submitted to the jury, and never proven beyond a reasonable doubt in violation of Petitioner's 5th and 6th Amendment rights." Third, Petitioner argues that "elements of 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) specific drug type and quantity is omitted from the jury instructions and receive life sentence in excess of 21 U.S.C. § 841(b)(1)(C), which Petitioner should have been sentence[d] to when specific drug type and quantity

are omitted from jury instruction in violation of Petitioner['s] 5th and 6th Amendment[] rights. Finally, Petitioner contends that "elements of 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) specific drug type and quantity of 1.5 kilograms were never charged, never submitted to the jury, and never proven beyond a reasonable doubt in violation of Petitioner's 5th and 6th Amendment[] rights." On March 28, 2014, Magistrate Judge Seibert issued his report and recommendation. In that report, Magistrate Judge Seibert found that this Court did not have authority to hear Petitioner's second federal habeas petition because he did not obtain authorization from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. Therefore, Magistrate Judge Seibert recommended that this Court deny Petitioner's petition and dismiss it with prejudice.

Also on March 28, 2014, Petitioner filed a motion to amend pursuant to Federal Rule of Civil Procedure 15(c) after Magistrate Judge Seibert issued his report and recommendation. Then, on April 10, 2014, Petitioner filed his objections that object to the report and recommendation "in it[s] entirety." Therefore, this issue is ripe for the Court's review.

### III. Legal Standard

A motion pursuant to 28 U.S.C. § 2255 requests a court that imposed a sentence to vacate, set aside, or correct the sentence for at least one of the following grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

6

## IV.  Discussion

Petitioner objects to Magistrate Judge Seibert's report and recommendation because he maintains that a recent decision from the United States Supreme Court, Alleyne v. United States, 133 S. Ct. 2151 (2013), is new law that has been made since the trial and appeal.  Therefore, this Court has jurisdiction to consider his petition on the merits.

### A.      Petitioner's Motion is a Second or Successive Petition

To be considered a second or successive petition, the first petition must have been dismissed on the merits.  Harvey v. Horan, 278 F.3d 370, 379 (4th Cir. 2002); see also Slack v. McDaniel, 529 U.S. 473, 485-89 (2000). The report and recommendation found that Petitioner's current petition is a second or successive petition because Petitioner's first § 2255 motion, filed on July 26, 2004, was dismissed on the merits.  In Magistrate Judge Seibert's report and recommendation regarding the July 26, 2004 petition, he found that Petitioner's habeas petition raised identical Apprendi issues that were denied on appeal by the Fourth Circuit Court of Appeals.  Therefore, the issues could not be reconsidered absent a showing of a change in the law.  Magistrate Judge Seibert found there was not a change in the law and the petition should be dismissed. Therefore, Petitioner's first § 2255 motion was dismissed on the merits, and his current § 2255 motion is a second or successive petition.

### B.      Petitioner's Second or Successive Motion is Barred

Petitioner objects to Magistrate Judge Seibert's report and recommendation because Petitioner argues he was not required to obtain the approval of the Fourth

Circuit Court of Appeals prior to filing his successive § 2255 motion because there is a new rule of constitutional law.

> Section 2255 provides the procedure for a second or successive motion:
>
> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A second or successive petition is an available form of relief so long as a prisoner first obtains authorization from the appropriate court of appeals, in this case, the Fourth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3). However, a district court lacks jurisdiction to consider a second or successive petition if the petitioner did not receive pre-filing authorization. United States v. Winstock, 340 F.3d 200, 205 (4th Cir. 2003). It is undisputed that Petitioner has not received pre-filing authorization from the Fourth Circuit Court of Appeals to file his claim.

However, Petitioner contends that he was not required to obtain authorization from the Fourth Circuit Court of Appeals because the United States Supreme Court made a new rule of constitutional law in Alleyne that is to be applied retroactively. The United States Supreme Court has recently considered whether facts that increase the mandatory minimum sentence for a crime is an "element" of the crime to be determined by the jury or whether it is a "sentencing factor" to be determined by the sentencing court. Id. at 2155. In Alleyne, a petitioner was convicted by a jury of robbery and using

or carrying a firearm during and in relation to a crime of violence.  Id.  Under 18 U.S.C. § 924(c)(1)(A), an individual who uses or carries a firearm in relation to a crime of violence shall "be sentenced to a term of imprisonment of not less than 5 years," but "if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years."  Id.  The petitioner objected to the presentence report's recommendation of a seven-year sentence because the jury did not find that he had brandished the firearm.  Id. at 2156.  However, the district court overruled the petitioner's objection reasoning it was a sentencing factor that the court could find by a preponderance of the evidence.  Id.

In Alleyne, the Supreme Court stated that the Sixth Amendment and the Due Process Clause "requires that each element of a crime be proved to the jury beyond a reasonable doubt."  Id.  A fact is considered an element of the offense that must be submitted to the jury if "it increases the punishment above what is otherwise legally prescribed."  Id. at 2158.  Therefore, the Supreme Court held that "Facts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt."  Id.  Accordingly, the Supreme Court found that "brandishing" constituted an element of the offense that must be submitted to the jury.  Id.  at 2162-63.

In Teague v. Lane, the Supreme Court used a three-step inquiry to determine the retroactivity of new rules of criminal procedure to a collateral proceeding.  489 U.S. 288 (1989).  First, the court determines the date the petitioner's conviction became final.  See United States v. Sanders, 247 F.3d 139 (4th Cir. 2001) (citations omitted).  Second,

the court determines whether the Supreme Court's ruling "constitutes a 'new rule' of constitutional criminal procedure." Id. Third, the court determines whether the new rule applies retroactively for one of the following reasons "1) the rule is substantive or (2) the rule is a 'watershed rul[e] of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." Whorton v. Bockting, 549 U.S. 406, 416 (2007) (citations omitted).

In this case, there is no dispute that the Defendant's conviction became final on December 15, 2003. Also, Alleyne is a new rule because it was "not dictated by precedent at the time the defendant's conviction became final." Sanders, 247 F.3d at 147 (citation omitted). However, the rule established in Alleyne must satisfy one of the two reasons stated in Whorton to be applied retroactively. First, Alleyne is a procedural, not substantive, rule because it "dictates what fact-finding procedure must be employed to ensure a fair trial." See Sanders, 247 F.3d at 147 (holding that Apprendi is a procedural, not substantive, rule). Second, Alleyne is not a watershed rule of criminal procedure because, like the Fourth Circuit Court of Appeal's analysis regarding the rule in Apprendi, the rule is not a "bedrock procedural element[] essential to the fairness of a proceeding." See Sanders, 247 F.3d at 148 (citing Sawyer v. Smith, 497 U.S. 227, 242 (1990)). Rather, the rule "merely shifts the fact-finding duties from an impartial judge to a jury," and this "clearly does not fall within the scope of the second Teague exception." See id. Therefore, the Supreme Court's holding in Alleyne is not retroactively applicable to cases on collateral review. See United States v. Stewart, 540 F. App'x 171, 172 (4th Cir. 2013 (noting that "Alleyne has not been made retroactively applicable to cases on

collateral review"); see also United States v. Redd, 735 F.3d 88, 91-92 (2nd Cir. 2013)

(holding Alleyne does not apply retroactively on collateral review); In re Kemper, 735

F.3d 211, 212 (5th Cir. 2013) (holding that Alleyne does not apply retroactively on

collateral review); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) (holding

that Alleyne is an extension of Apprendi and is not applied retroactively on collateral

review); In re Payne, 733 F.3d 1027, 1029 (10th Cir. 2013) (holding that Alleyne should

not be applied retroactively on collateral review). However, the Court notes that the

decision to apply Alleyne retroactively on collateral review rests with the United States

Supreme Court.  See Dodd v. United States, 545 U.S. 353 (2005).

Accordingly, Petitioner's objection is **OVERRULED**.

### C.    Petitioner's Motion to Amend

In Petitioner's motion, he does not state any amendments to his petition.  Rather,

Petitioner simply requests that this Court "allow [his] Apprendi claim as extended by

Alleyne under the relation back theory." Pet.'s Mot. To Amend, p. 2.

Federal Rule of Civil Procedure 15(c) provides, in pertinent part, "[a]n

amendment to a pleading relates back to the date of the original pleading when" one of

the following three circumstances are met:

> (A) the law that provides the applicable statute of limitations allows relation
> back;
> (B) the amendment asserts a claim or defense that arose out of the
> conduct, transaction, or occurrence set out–or attempted to be set out–in
> the original pleading; or
> (C) the amendment changes the party or the naming of the party against whom a
> claim is asserted . . . .

In this case, Petitioner does not seek to substantively "amend" his petition. Rather, his motion restates his claim for relief under the Supreme Court's decision in Alleyne, which is already asserted in his petition and his objections to Magistrate Judge Seibert's report and recommendation. Even if this Court construes Petitioner's request as an amendment, it does not satisfy any of the three requirements under Rule 15(c) for relation back of an amendment to the original complaint. Accordingly, Petitioner's motion to amend is **DENIED**.

### V.  Conclusion

Upon careful review of the record, it is the opinion of this Court that Magistrate Judge Seibert's report and recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Further, the Petitioner's Objections are **OVERRULED**. It is further ordered that Petitioner's § 2255 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court. Petitioner's Motion to Amend is also **DENIED**.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** Petitioner a Certificate of Appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

**DATED**: April 30, 2014

_____
GINA M. GROH
UNITED STATES DISTRICT JUDGE